UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY LYNN BONDS, | Case No.: 1:17 CV 1932 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| HON. PAMELA A. BARKER, *et al.*, | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants | |

*Pro se* Plaintiff Kimberly Lynn Bonds filed this action against Cuyahoga County Common Pleas Court Judge Pamela A. Barker, Cuyahoga County Common Pleas Court Magistrate Judge Paul Lucas, Attorney Benjamin Hoen, and Third Federal Savings & Loan of Cleveland ("Third Federal"). In the Complaint, Plaintiff challenges Defendants' actions and decisions in the course of a state court foreclosure action. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**Background**

Plaintiff purchased property located at 3398 W. 88th Street, Cleveland, Ohio 44102-4859 and, on May 3, 2004, signed a note from Third Federal in the amount of $ 83,900.00 to finance the purchase. The note was secured by a mortgage on the property. Plaintiff contends she attempted to

make a partial payment on the mortgage on January 7, 2017, but was told there was a block on the account due to missed payments. Plaintiff then received misguided advice from an acquaintance who informed her that all mortgages are frauds, that the bank is fully paid when the promissory note is signed by the borrower, the borrower receives nothing of value in the transaction, and therefore does not really owe any money to the bank in repayment of the mortgage. While Plaintiff attempted to get Third Federal to acknowledge and accept this theory of non-liability and respond accordingly, Third Federal retained the services of Benjamin Hoen from the law firm of Weltman, Weinberg & Reis Co., LPA and filed a foreclosure lawsuit. Plaintiff presented her theory to the Magistrate Judge and to the Common Pleas Court Judge but neither of them accepted it. Third Federal filed a Motion for Summary Judgment, which the Court granted on September 11, 2017. The Court denied her Motion for the Appointment of Counsel, as well as her Motion to require Third Federal to produce the original promissory note. She indicates she is seeking relief under 42 U.S.C. § 1983 and Title VII, 42 U.S.C. § 2000e. She requests an award of monetary damages for all of the payments she made on the mortgage, and "any payments made during securitization with [the] promissory note owned by Kimberly Lynn Bonds." (ECF No. 5 at 6). She calculates this amount to be $100,000.00.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

2

194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination

3

is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the state court. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). In other words, if Plaintiff would be barred from litigating the matter again in state court, she cannot avoid that procedural bar by filing the action in federal court instead of state court. This Court must therefore decide whether Plaintiff's challenge to the validity of her mortgage would be barred if she had filed this action in state court. To do that, this Court must apply Ohio's law on preclusion. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc*., 80 Ohio St.3d 212, 217 (1997). Issue

4

preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In this case, issue preclusion would apply to bar Plaintiff from litigating the validity of her mortgage. Plaintiff asserted her theory for relief from the mortgage obligation to the state court and the court rejected it. They necessarily decided the mortgage was valid and the debt was owed, when they granted summary judgment in favor of Third Federal. This Court must give full faith and credit to that state court judgment. Plaintiff is barred by the doctrine of *res judicata* from relitigating that issue in federal court.

In addition, even if this action was not barred, Plaintiff has not stated a viable federal cause of action. Plaintiff indicates she is bringing this case under Title VII and 42 U.S.C. § 1983. Title VII applies to employment discrimination, which is not at issue here. She fails to state a claim for relief under Title VII.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," the Defendant must be a state or local government official or employee. Benjamin Hoen and Third Federal are private parties, not government entities or officials. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ...

obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Plaintiff does not allege facts to reasonably suggest they could be considered state actors.

While Judge Barker and Magistrate Judge Lucas can be considered to be state actors, they are absolutely immune from suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff alleges she did not entirely understand the legal concepts the Judges discussed in court and felt the Judges did not fairly entertain her theory for dismissal of the foreclosure. Both of these things occurred while the Defendants were acting in their capacity as judges hearing the case, and foreclosures are within

the subject matter jurisdiction of the Common Pleas Court. Judge Barker and Magistrate Judge Lucas are absolutely immune from suit under § 1983.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 20, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.